IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01838-PAB-NYW

JENNIFER CHRISTOS,

    Plaintiff,

v.

HALKER CONSULTING, LLC, a Colorado Corporation,
MATTHEW HALKER, individually, and
TRAVIS HUTCHINSON, individually,

    Defendants.

---

**PROPOSED SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference in the above-captioned matter took place on September 23, 2016 at 11:00 a.m., at the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. Plaintiff was represented by Rachel E. Ellis of Ellis Employment Law, 1725 High Street, Suite 3, Denver CO, 80218, Phone: (720) 465-6972. Defendants were represented by Brett M. Wendt of Kutak Rock LLP, 1801 California Street, Suite 3000, Denver, CO 80202, Phone: (303) 297-2400.

### 2. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims as invoked pursuant to 28 U.S.C. §1367.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: Jennifer Christos, an Electrical Engineer, was fired from Halker Consulting, LLC, while she was eight months pregnant, in retaliation for her prior complaints about sex discrimination. Though she was entitled to the protections of the Family and Medical Leave Act and the company had notice of her pregnancy for 5 months, she was never provided with FMLA information, because Halker was looking for a reason to terminate her employment.

In May 2014, Ms. Christos began reporting to an openly misogynistic supervisor who was vocal about his intent to fire his female subordinates. When Ms. Christos realized that she was not being treated as well as her male colleagues regarding numerous terms and conditions of employment, she sought assistance from Human Resources as required by company policy.

Ms. Christos's requests for assistance were met with hostility from everyone other than Human Resources. Halker's highest executives were aware of the discrimination and retaliation taking place within the company, including Owner and Defendant Mr. Halker, Vice President of Operations and Defendant Mr. Hutchinson, and Chief Financial Officer David Hart, because the Director of Human Resources explained what was happening and warned them about the legal consequences for violating federal employment laws.

Mr. Halker and Mr. Hutchinson supported the marginalization of Ms. Christos within the company, and ultimately Halker chose to fire the Human Resources Director because of his advocacy on Ms. Christos' behalf. In a proactive attempt to defend against any future legal action from Ms. Christos, Halker gave her a pseudo-promotion shortly after terminating the Human Resources Director; though Ms. Christos was given a minimal raise, Halker continued to refer to her by her former title, no announcement was made within the company, and no

notice was provided outside the company, even to clients.

Halker reassigned Ms. Christos's projects and redistributed them to male engineers. One account was given to a less qualified male engineer, over the client's objection. She was discouraged from pursuing marketing opportunities, though she was a strong source of new business. As a result of questioning discriminatory decisions, she was accused of being unhappy and not a team player and encouraged to leave the company. Despite these things, Ms. Christos continued to bring in business and do good work at every opportunity.

Defendants had every intention of terminating Ms. Christos' employment at the first available opportunity, but faced the difficult dilemma of manufacturing justification. When layoffs were announced in the spring of 2015, Defendants attempted to justify Ms. Christos' selection for inclusion by fabricating subjective low scores when comparing her to her colleagues. She was informed that she was being laid off due to her "billlability" and "performance," which were both directly related to management's redistribution of her projects in light of her upcoming maternity leave and refusal to allow her to work on other projects.

Halker Consulting, LLC, permitted and condoned sex discrimination, retaliation, and a violation of the Family and Medical Leave Act against their former employee Jennifer Christos. She seeks damages as a result.

b.      Defendants:    Ms. Christos was part of a companywide layoff that occurred on May 1, 2015. Halker Consulting did not engage in any discriminatory or retaliatory behavior, or take any adverse action against Ms. Christos in violation of any state or federal laws whatsoever. These are, and have been, extremely challenging times for the oil and gas industry as a whole, and certainly for Halker Consulting. As a result the significant downturn in the oil and gas industry, Halker Consulting was forced to make difficult administrative and personnel

9

decisions that necessitated layoffs of its employees. The layoff that occurred on May 1, 2015 was certainly not the first of its kind; or the last. Critically, since the end of 2013, Halker Consulting's employee roster has been reduced from nearly 130 employees to 15 employees at present. Halker Consulting was also recently forced to relocate to a smaller office space and has considered all viable options for sustaining its operations.

In May of 2015, many departments within Halker Consulting simply didn't have enough work to support the number of employees it was employing. This was especially true in Ms. Christos' department. The decision to terminate Ms. Christos' employment, as well as others at the time, had everything to do with the economy, the lack of work, and performance. In evaluating and deciding which employees to lay-off within Ms. Christos' department, her supervisor, along with the program managers, created a comprehensive metrics and every employee within the department was graded. Ms. Christos and another employee had the two lowest scores on the metrics. Accordingly, these two individuals were selected for lay-off. The decision had nothing to do with Ms. Christos' pregnancy.

In fact, there are no genuine facts to support any of the claims brought by Ms. Christos. Specifically, Ms. Christos never complained of anything during her employment that would give rise to a claim for discrimination, retaliation or any type of interference with Ms. Christos' rights. Halker Consulting, and other similarly situated companies within the oil and gas sector, has been placed in the untenable position of doing everything it can to sustain operations in a global downturn of the oil and gas industry. And this has continued since Ms. Christos' layoff on May 1, 2015. Decisions Halker made with respect to Ms. Christos had nothing to do with any alleged discrimination or retaliation and everything to do with taking measures to continue its operations while attempting to navigate extremely difficult economic times. In fact,

subsequent to Ms. Christos' layoff, Halker's reorganization has included eliminating many departments, up to and including nearly all of its executives. Unquestionably, Halker has been required to make difficult personnel decisions. But no decision has been based on any discriminatory or retaliatory animas towards any of the hundred plus employees who have been laid off, which includes Ms. Christos.

Halker Consulting strictly prohibits discrimination or retaliation of any kind. It had legitimate, nondiscriminatory reasons for laying off Ms. Christos. And specific to any alleged retaliation, Ms. Christos never complained of anything, and certainly not any protected activity, that would support a claim for retaliation. The simple truth is Ms. Christos was unfortunately the victim of circumstances that affected not only her, but more than a hundred similarly situated Halker employees. The severe economic downturn in the oil and gas sector resulted in numerous layoffs, which are certainly unfortunate; however, neither Ms. Christos' layoff nor any of the other layoffs had anything to do with any discriminatory or retaliatory consideration or application.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

a.  Ms. Christos began working for Halker Consulting on October 28, 2013 as an Electrical Engineer III.

b.  In April of 2014, Ms. Christos was moved from Electrical Engineer III to Project Manager II, which resulted in a change in departments to the Projects Department.

c.  In September of 2014, Ms. Christos was promoted from Project Manager II to Project Engineer II.

d.  On May 1, 2015, Ms. Christos was laid off by Halker Consulting.

## 5. COMPUTATION OF DAMAGES

Ms. Christos has been able to mitigate her damages by finding alternative employment. However, the new position requires more time away from her family than her former position at Halker. Her estimated lost wages equal approximately $72,000 for 10 months of unemployment, and this number does not include the value of her lost benefits.

Ms. Christos also seeks to recover compensatory damages, including but not limited to those for emotional suffering, liquidated damages, punitive and exemplary damages as allowed by law, injunctive and declaratory relief, pre-judgment and post-judgment interest at the highest lawful rate, attorney and expert witness fees and costs as available by law, and any such further relief allowable by law or as justice requires.

Defendants are not claiming any damages at this time; however, Defendants reserve the right to do so, including but not limited to an award of attorneys' fees and costs, and any further relief this Court deems just and proper.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Counsel for the parties initiated the preconference discovery meeting on September 1, 2016, pursuant to Fed.R.Civ.P. 26(f).

b. Rachel E. Ellis participated on behalf of Plaintiff Jennifer Christos, and Brett M. Wendt participated on behalf of Defendants Halker Consulting, LLC, Matthew Halker, and Travis Hutchinson.

c. Rule 26(a)(1) disclosures were made by Plaintiff on September 15, 2016, and by Defendants on September 16, 2016.

d. No proposed changes are being requested for the timing or requirement of

disclosures under Fed. R. Civ. P. 26(a)(1).

  e. Statement concerning any agreements to conduct informal discovery: The parties have not reached any agreements on informal discovery as of the date this proposed Scheduling Order is being submitted to the Court.

  f. The parties will use a unified exhibit numbering system for depositions and trial in this matter.

  g. The parties acknowledge that some electronically stored information will be important to the lawsuit, including email communication and excel documents. However, the parties do not anticipate that their claims or defenses will involve extensive electronically stored information ("ESI"). The parties will negotiate an ESI protocol at the appropriate time should it become necessary.

  h. The parties will report the result of any alternative dispute resolution attempts to Magistrate Judge Wang within 14 days of the meeting. The parties have discussed the possibility of promptly settling or resolving the case, and at this juncture, do not believe the likelihood of this occurring is very probable.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

  a. Plaintiff requests permission to propound a total of 35 interrogatories, divided among Defendants. Defendants requests interrogatories be limited to 25 per party. Neither party proposes modifications to the presumptive limits of depositions contained in the Federal

Rules.

    b.    The parties have agreed to the standard limitation of 7 hours for any deposition, without leave of Court.

    c.    Plaintiff proposes a limit of 25 requests for production of documents, and 25 requests for admission per side. Defendant proposes a limit of 25 requests for production of documents, and 25 requests for admission per party.

    d.    Other Planning or Discovery Orders: The former Human Resources Director, Edward Lowry, is in possession of information that is material to Ms. Christos's case; however, Mr. Lowry's disclosure of this information requires an Order of the Court. Defendants object to Mr. Lowry's participation as a witness. Counsel is prepared to discuss this at the Scheduling Conference.

### 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings: Monday, November 7, 2016.

    b.    Discovery Cut-off: Plaintiff proposes Friday, March 17, 2017; Defendant proposes Friday, May 19, 2017.

    c.    Dispositive Motion Deadline: Plaintiff proposes Monday, April 17; Defendant proposes Friday, June 30, 2017.

    d.    Expert Witness Disclosure

        1.    Plaintiff may retain experts in the fields of economic damages, mental health, and accounting.

        Defendants do not anticipate the designation of an expert or the use of expert

testimony at this time. Should this change, however, Defendants will make timely disclosures in compliance with Fed. R. Civ. P. 26(a)(2) and the Case Plan and Schedule.

        2.      The parties propose a limit of three (3) expert witnesses per side.

        3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: Plaintiff proposes Tuesday, January 17, 2017; Defendant proposes Friday, March 17, 2017.

        4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before Plaintiff proposes Friday, February 17; Defendant proposes Monday, April 17, 2017.

    e.      Identification of Persons to Be Deposed:

| Person | Time |
|---|---|
| 30(b)(6) | 7 hours |
| Defendant Matt Halker | 7 hours |
| Defendant Travis Hutchinson | 7 hours |
| CFO David Hart | 4 hours |
| Manager Tyler Farley | 4 hours |
| Former HR Manager Lauren Worth | 5 hours |
| RIF Panel Member Craig Melton | 3 hours |
| RIF Panel Member Brianne Brennon | 3 hours |
| RIF Panel Member Greg Campbell | 3 hours |
| Former HR Director Edward Lowry | 4 hours |

Defendant anticipates conducting the following depositions:

    (1)      Jennifer Christos. Counsel for Defendant anticipates Ms. Christos' deposition

can be completed in seven (7) hours.

(2)     Colin Christiansen. Counsel for Defendant anticipates Mr. Christiansen's deposition can be completed in (3) hours.

(3)     Greg Campbell. Counsel for Defendant anticipates Defendant's examination of Mr. Campbell can be completed in (3) hours.

(4)     Defendant reserves the right to conduct depositions of other individuals, whose identity is not known at this time but is determined in the course of discovery to possess information concerning Plaintiff's claims and asserted damages. Counsel anticipates these depositions can be completed in one (1) to two (2) hours per deponent.

(5) Defendant reserves the right to conduct depositions of Plaintiff's designated expert witness(es). Counsel for Defendant anticipates these depositions can be completed in four (4) hours per expert witness.

f.      Deadline to serve Interrogatories:  Plaintiff proposes Tuesday, January 31, 2017; Defendant proposes Wednesday, April 19, 2017.

g.      Deadline to serve Requests for Production of Documents and/or Admissions: Plaintiff proposes Tuesday, January 31, 2017; Defendant proposes Wednesday, April 19, 2017.

### 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times: _____.

b.      A final pretrial conference will be held in this case on _____ at o'clock ____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. There is no discovery or scheduling issues that the parties have been unable to agree upon at this time.

b. The parties anticipate a five-day jury trial.

c. None of the pretrial proceedings would be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2016.

                                        BY THE COURT:

                                        _____
                                        United States Magistrate Judge
                                        Nina Y. Wang

APPROVED:

| *s/Rachel E. Ellis* | *s/Brett M. Wendt* |
|---|---|
| Rachel E. Ellis | Brett M. Wendt |
| Ellis Employment Law, LLC | Kutak Rock LLP |
| 1725 High St, Ste 3 | 1801 California Street, Suite 3000 |
| Denver, Colorado 80218 | Denver, Colorado 80202 |
| 720.465.6972 | 303-297-2400 |
| | |
| Attorney for Plaintiff | Attorney for Defendants |