# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01838-PAB-NYW

JENNIFER CHRISTOS,

    Plaintiff,

v.

HALKER CONSULTING, LLC,

    Defendant.

___

## HALKER CONSULTING LLC'S REPLY IN SUPPORT OF ITS <u>EMERGENCY</u> MOTION TO PRECLUDE ADMISSION OF PLAINTIFF'S TRIAL EXHIBITS AT TRIAL
___

Defendant Halker Consulting LLC ("Halker"), by and through its undersigned counsel, Kutak Rock LLP, hereby submits this Reply in Support of Its Emergency Motion to Preclude Admission of Plaintiff's Trial Exhibits at Trial (the "Motion") and, in support thereof, states as follows:

    1.    In her Response to Halker Consulting LLC's Emergency Motion to Preclude Admission of Plaintiff's Trial Exhibits at Trial [Doc. No. 100] (the "Response"), Plaintiff states that Halker did not properly confer before filing the Motion because Halker failed to mention that it would seek to preclude Plaintiff from admitting any and all of her exhibits at trial. (Response ¶ 2.) Contrary to Plaintiff's representation, on April 17, 2018, counsel for Halker conferred with counsel for Plaintiff about Plaintiff's failure to timely exchange copies of Plaintiff's final, pre-marked trial exhibits in compliance with the Honorable Philip A. Brimmer's Practice Standards

(the "Practice Standards") Sections II.C and IV.E prior to filing the Motion, and informed Plaintiff that Halker "reserve[s] all rights *to file a motion to preclude admission of Ms. Christos's exhibits pursuant to the Practice Standards*…and in that regard, we are conferring with [Plaintiff's counsel] about the status of the exhibits." (*See* Motion, Exhibit A at p. 3, email from Jeffrey H. McClelland dated April 17, 2018, at 6:34 p.m.) (emphasis added.)

2. Pursuant to the Practice Standards sections II.C and IV.E, the parties were required to exchange copies of their pre-marked trial exhibits by April 16, 2018.

3. Halker's counsel provided copies of Halker's pre-marked trial exhibits to Plaintiff's counsel on April 16, 2018, by providing a link via email to a document share-site containing those exhibits. (Motion, Exhibit A, p. 4, email from Rachael A. Culhane dated April 16, 2018, at 4:50 p.m.)

4. Because Plaintiff's counsel had not provided to Halker's counsel copies of Plaintiff's pre-marked trial exhibits on April 16, 2018, Halker's counsel emailed Plaintiff's counsel regarding the status of when Plaintiff would be providing copies of her pre-marked exhibits in compliance with Practice Standards Sections II.C and IV.E. (Motion, Exhibit A, p. 3, email from Jeffrey H. McClelland dated April 17, 2018, at 6:34 p.m.)

5. On April 18, 2018, at 11:25 a.m., Plaintiff's counsel emailed Halker's counsel stating that Plaintiff had previously provided copies of Plaintiff's exhibits on Friday, March 23, 2018, pursuant to section 7(b) of the Final Pre-Trial Order [Doc. No. 74] and that "Ms. Christos's exhibit list has not changed in that time, therefore the exhibits [Halker's counsel] were provided are still current." (Motion, Exhibit A, p. 3, email from Rachel E. Ellis dated April 18, 2018, at 11:25 a.m.)

6. On April 18, 2018, at 4:25 p.m., Halker's counsel emailed Plaintiff's counsel acknowledging that Plaintiff had provided Halker with copies of Plaintiff's exhibits on March 23, 2018, pursuant to the Final Pre-Trial Order but that this exchange of Plaintiff's unmarked exhibits at that time did not comply with the Practice Standards. Accordingly, Halker's counsel requested that Plaintiff's counsel provide copies of the <u>final</u> versions of Plaintiff's trial exhibits in compliance with the Practice Standards no later than noon, April 19, 2018. (Motion, Exhibit A, p. 2, email from Jeffrey H. McClelland dated April 18, 2018, at 4:25 p.m.)

7. On April 19, 2018, at 11:26 a.m., Plaintiff's counsel emailed Halker's counsel stating that Plaintiff's counsel was "working on exhibits and will definitely get this information to [Halker's counsel] by tomorrow." (Motion, Exhibit A, p. 1, email from Rachel E. Ellis dated April 19, 2018, at 11:26 a.m.)

8. On April 20, 2018 at 11:09 a.m., less than one business day before trial, Plaintiff provided Halker with her final exhibit list and pre-marked exhibits – which had markedly changed despite her previous representation on April 18, 2018, that the exhibits were "current" – and noted that "[Plaintiff's] final exhibit list *with a change in sequence and some reductions* is attached." (Response, Exhibit 2, p. 2, email from Amber Klein dated April 20, 2018 at 11:09 a.m.) (emphasis added.)

9. Pursuant to Practice Standard Section II.C.3, exhibits that are "not timely pre-marked or exchanged before a . . . trial may not be admitted." Because Plaintiff waited until the eleventh hour to provide Halker with copies of Plaintiff's final, pre-marked trial exhibits, which Plaintiff failed to provide to Halker seven days before trial and which Plaintiff had changed since they were last provided to Halker on April 6, 2018, Halker respectfully requests that the Court

3

enter an order precluding the admission of any and all of Plaintiff's trial exhibits at the trial of this action set to begin on April 23, 2018.

Respectfully submitted this 20th day of April, 2018.

KUTAK ROCK LLP

By: *s/ Jeffrey H. McClelland*
Brett M. Wendt
Jeffrey H. McClelland
1801 California Street, Suite 3000
Denver, CO 80202
Telephone: (303) 292-7848
Facsimile: (303) 292-7799
Email: *brett.wendt@kutakrock.com*
*jeffrey.mcclelland@kutakrock.com*

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of April, 2018, I electronically filed the foregoing with the Clerk of the Court and served on the following CM/ECF participant(s) using the CM/ECF system:

Rachel E. Ellis
Brooke H. Meyer
Kaitlin I. Spittell
LIVELIHOOD LAW, LLC
3401 Quebec Street, Suite 6009
Denver, Colorado 80207
Facsimile: (720) 465-6927
ree@livelihoodlaw.com
kis@livelihoodlaw.com
bhm@livelihoodlaw.com

*Attorneys for Plaintiff*

By: *s/ Sandra L. Orvis*
     Sandra L. Orvis