IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01838-PAB-NYW

JENNIFER CHRISTOS,

    Plaintiff,

v.

HALKER CONSULTING, LLC,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Plaintiff's Motion for Equitable Relief [Docket No. 121].

A three-day jury trial was held on April 23-25, 2018. Docket Nos. 102, 103, 104. On April 27, 2018, the jury returned a verdict in favor of plaintiff on her FMLA interference claim and awarded $1,296 in damages. Docket No. 112. On June 22, 2018, plaintiff filed the instant motion requesting that the Court award plaintiff prejudgment interest and liquidated damages pursuant to 29 U.S.C. § 2617. *See* Docket No. 121.

**I. PREJUDGMENT INTEREST**

Plaintiff requests prejudgment interest at the state statutory rate of 8% per annum compounded annually. *See* Docket No. 121 at 3; *see also* Colo. Rev. Stat. § 5-12-102(b). Defendant argues that this rate is inappropriate and that the Court should use the statutory rate derived from 28 U.S.C. § 1961. *See* Docket No. 122 at 1.

According to defendant, that rate is 2.34%.  *Id.* at 2.[1]

The FMLA provides that a plaintiff may recover interest on an award of back pay "at the prevailing rate."  29 U.S.C. § 2617(a)(1)(A)(ii).  However, the statute does not define "prevailing rate," and courts have taken a variety of approaches to calculating prejudgment interest.  *See, e.g.*, *Bell v. Prefix, Inc.*, 500 F. App'x 473, 474 (6th Cir. 2012) (unpublished) (collecting cases); *Lusk v. Virginia Panel Corp.*, 2014 WL 3900325, at *5 (W.D. Va. Aug. 11, 2014) (noting that district courts "have variously utilized (1) the state statutory rate, (2) the IRS prime rate, and (3) the federal post-judgment interest rate set by 28 U.S.C. § 1961" to calculate prejudgment interest under the FMLA).  The parties do not cite any Tenth Circuit authority resolving the issue.  Nor do they articulate any reasoned basis for applying one methodology over another.  In the absence of such guidance, the Court is persuaded by the approach taken in *Smothers v. Solvay Chemicals, Inc.*, 2014 WL 12665068 (D. Wyo. Sept. 15, 2014).  There, the court determined that the federal prime rate satisfied the purposes of the FMLA and reflected an adequate compromise between the 6% state statutory rate and the 0.10% rate derived from 28 U.S.C. § 1961(a).  *See id.* at *4 (noting that the federal prime rate of 3.25% would "sufficiently meet the purposes of the FMLA without making the rate punitive"); *see also Gutierrez v. Grant Cty.*, 2011 WL 5279017, at *1 (E.D. Wash. Nov. 2, 2011) (finding that federal prime rate would satisfy the compensatory purposes of the

---

[1]This percentage reflects the "[w]eekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week ending on June 22, 2018."  Docket No. 122 at 2 n.1.  The rate has since increased to 2.66% for the calendar week ending on October 26, 2018.  *See* https://www.federalreserve.gov/datadownload/Preview.aspx?pi=400&rel=H15&preview=H15%2fH15%2fRIFLGFCY01_N.WF.

FMLA).[2]  The Court finds that the prime rate would satisfy the compensatory purposes of the FMLA while striking a reasonable balance between the positions taken by the parties.  Moreover, this approach appears to accord with the "prevailing trend among recent FMLA decisions."  *Lusk*, 2014 WL 3900325, at *5.

The average federal prime rate for the period beginning on May 1, 2015 – the date of plaintiff's layoff – through the present was 3.94%.[3]  Applying this interest rate, compounded annually, plaintiff is entitled to $128.29 in prejudgment interest through October 31, 2018.  *See, e.g.*, *Neel v. Mid-Atlantic of Fairfield, LLC*, 2012 WL 3264965, at *12 (D. Md. Aug. 9, 2012) (awarding prejudgment interest at the federal prime rate "for the years in question," compounded annually); *E.E.O.C. v. Serv. Temps*, 2010 WL 5108733, at *6 (N.D. Tex. Dec. 9, 2010) (awarding prejudgment interest at federal prime rate, compounded annually, from date of adverse employment action through date of judgment).[4]

---

[2]The federal prime rate "is the rate that banks charge for short-term unsecured loans to credit-worthy customers."  *Gutierrez*, 2011 WL 5279017, at *1 n.3 (citing *Forman v. Korean Airlines Co., Ltd.*, 84 F.3d 446, 450 (D.C. Cir. 1996).

[3]The Court calculated the average rate using historical data from the Federal Reserve website.  *See* https://www.federalreserve.gov/releases/h15/.

[4]For purposes of determining prejudgment interest, the Court assumes that the jury awarded damages evenly over the relevant time period.  Accordingly, the Court calculates prejudgment interest as follows:

## II. LIQUIDATED DAMAGES

Plaintiff seeks an award of liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii). That section provides that an employer who violates the FMLA shall be liable for liquidated damages in an amount equal to the sum of lost wages and prejudgment interest unless the employer "proves to the satisfaction of the court that the act or omission which violated [the FMLA] was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation." 29 U.S.C. § 2617(a)(1)(A)(iii). In such circumstances, a court may, in its discretion, "reduce the amount of the liability." *Id.* However, courts have recognized that there is a strong presumption in favor of awarding liquidated damages. *See, e.g.*, *Jackson v. City of Hot Springs*, 751 F.3d 855, 866 (8th Cir. 2014); *Thom v. Am. Standard, Inc.*, 666 F.3d 968, 973 (6th Cir. 2012).

The Court finds that there is no basis for reducing defendant's liability in this case. The parties agreed to submit the question of defendant's good faith to the jury.

| Year | Starting Sum | Damages/ Losses ($36/mo.) | Interest Accrued (on columns 1 & 2) | Year-End Total (after annual compounding) |
|---|---|---|---|---|
| 2015 (beginning May 1) | $0 | $288 | $7.57 | $295.57 |
| 2016 | $295.57 | $432 | $28.67 | $756.24 |
| 2017 | $756.24 | $432 | $46.82 | $1,235.06 |
| 2018 | $1,235.06 | $144 (through April 30) | $45.23 (through October 31) | $1,424.29 |

The jury found that defendant had not "proved, by a preponderance of the evidence, that it acted in good faith and with reasonable grounds for believing that plaintiff's termination did not violate the FMLA." Docket No. 112 at 3. Although the jury's finding is not binding on the Court, *see Jackson*, 751 F.3d at 866, defendant offers no reason – and the Court perceives none – to depart from the jury's determination on the issue. Accordingly, plaintiff will be awarded liquidated damages in the amount of $1,424.29, which is equal to the jury's award of $1,296.00 plus prejudgment interest.

### III. CONCLUSION

For the foregoing reasons, and pursuant to the jury's verdict on April 27, 2018, it is

**ORDERED** that plaintiff is awarded $1,296.00 in unpaid wages, salary, and employment benefits. It is further

**ORDERED** that plaintiff is awarded $128.29 in prejudgment interest through October 31, 2018. It is further

**ORDERED** that plaintiff is awarded liquidated damages in the amount of $1,424.29. It is further

**ORDERED** that within 14 days of the entry of this Order, plaintiff may have her costs by filing a Bill of Costs with the Clerk of the Court. It is further

**ORDERED** that this case is closed.

DATED November 1, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge